UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tammy W. Russell,

    Plaintiff,

v.

Timothy Geithner,
Secretary, United States
Department of the Treasury,

    Defendant.

Case No. 2:09–cv–975

Judge Michael H. Watson

## OPINION AND ORDER

Plaintiff asserts employment discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C § 12102, the Family Medical Leave Act ("FMLA"), 29 U.S.C § 2601, and the Rehabilitation Act, 29 U.S.C. § 791. This matter is before the Court on Defendant's motion for partial dismissal under Federal Rule of Civil Procedure 12(b)(1) and (6) for failure to exhaust administrative remedies. Def.'s Mot Dismiss, ECF No. 10.

### I. BACKGROUND

Plaintiff, Tammy W. Russell, has worked for the IRS since November 2000. In March 2005 Russell assumed the position of Revenue Officer at the Columbus IRS office after transferring from the Covington, Kentucky office. Paul Meyer and Anita Van Order were Russell's supervisors at the Columbus IRS office. Russell's son, Dillon is autistic. Russell alleges that Meyer and Van Order discriminated against her due to her relationship with her son and her responsibility to care for him.

It is undisputed that Russell administratively exhausted her claim that she was subjected to disparate treatment and harassment for her association with a known disabled person, her son. In the the EEOC proceeding, Russell alleged the following instances of alleged discrimination and harassment resulting from her association with her son:

> 1. From August 15, 2005 through August 18, 2006, her request for Family Medical Leave was denied;
>
> 2. On August 15, 2006, her leave request for August 26, 2005, was denied;
>
> 3. From August 22, 2005, through the present, she was provided less training than one of her coworkers;
>
> 4. From September 28, 2005 through the present, her On-the-Job Instructor failed to complete her training;
>
> 5. On October 15, 2005, and January 9, 2006, management denied her request to work credit hours;
>
> 6. On March 4, 2005, she was denied a promotion to the level of GS-9;
>
> 7. From March 4, 2006 through the present, she was not allowed the services of an On-the-Job Instructor while serving the time of her Performance Improvement Plan;
>
> 8. On or about March 9, 2005, she received a written warning;
>
> 9. On May 8, 2006, she was placed on a Performance Improvement Plan;
>
> 10. On October 5, 2007, Complainant's supervisor informed her that she would be written up because her non-tax related phone calls were causing disruption in the work place and employees were afraid for their safety because she had recently purchased a gun.

Revised Acceptance Letter 1–2, ECF No. 10–13; Second Amended Acceptance Letter 1–2, ECF No. 10–15.

## II. DISCUSSION

Defendant moves for partial dismissal. Specifically, Defendant seeks dismissal of Counts I–III (ADA claims), Counts IV and V (FMLA claims), and specific claims of disparate treatment and harassment pleaded in support of Counts VI–VIII (Rehabilitation Act claims).

Russell acknowledges that her ADA and FMLA claims should be dismissed. Pl.'s Mem. Op. 1, ECF No. 16. She concedes that the ADA is not available to federal employees. Russell requests that dismissal of the FMLA claims be without prejudice, however, so that she may attempt to pursue the FMLA claims through the Merit Systems Review Board ("Review Board"). Defendant suggests that such review is foreclosed, and the claims should therefore be dismissed with prejudice. The Court will not decide for the Review Board whether it may still consider Russell's FMLA claims. Accordingly, the Court will dismiss Russell's FMLA claims without prejudice.

Russell asserts her Rehabilitation Act claims under three theories: discrimination, retaliation, and hostile work environment, all based on her association with her son, a known disabled person. Defendant does not seek dismissal of Russell's Rehabilitation Act claims in their entirety. Rather, Defendant argues that Russell failed to exhaust her administrative remedies with respect to four specific claims in her Complaint in the instant case. Specifically, Defendant seeks dismissal of claims arising from four paragraphs of Russell's Complaint, arguing that the claims were not presented in Russell's EEOC charge: (1) that Meyer denied Russell's request for FMLA leave, Pl.'s Compl. ¶ 19, ECF No. 2; (2) Meyer approved Russell's FMLA leave, but limited her leave to four hours of leave per month, Id. ¶ 31; (3) in February 2007, Meyer issued a

letter expressing his intent to terminate Russell's employment, *Id.* ¶ 35; and (4) Meyer and Van Order refused to allow Russell to work under the Flexi Plan, *Id.* ¶ 36(d).

> Undoubtedly, federal employees who allege that they have been victims of discrimination must exhaust their administrative remedies. *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991) (stating "[t]he right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies . . ."); *see also Hall v. U.S. Postal Serv.*, 857 F.2d 1073, 1078 n. 4 (6th Cir. 1988). The purpose of the requirement is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation. *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir.1998) (citing *EEOC v. Bailey*, 563 F.2d 439, 447 (6th Cir.1977)). Plaintiff-Appellant concedes that he did not check the "Reprisal" box on the Complaint of Discrimination; however, in this Circuit, that failure is not dispositive of whether Dixon exhausted his administrative remedies.
>
> In *Weigel v. Baptist Hosp. of East Tennessee*, 302 F.3d 367 (6th Cir. 2002), we reiterated, "the general rule in this circuit . . . that the judicial complaint must be limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Id.* at 380 (internal citation omitted); *see also Bray v. Palm Beach Co.*, No. 89–6171, 1990 WL 92672, at *2 (6th Cir. June 29, 1990) (finding "the facts alleged in the body of the EEOC charge, rather than merely the boxes that are marked on the charge, are the major determinants of the scope of the charge"). We explained in *Weigel* that, "[p]ursuant to this rule, we have recognized that 'where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim.'" 302 F.3d at 380 (quoting *Davis*, 157 F.3d at 463). This principle became known as the "expected scope of investigation test." *Weigel*, 302 F.3d at 380.

*Dixon v. Ashcroft*, 393 F.3d 212, 217 (6th Cir. 2004). *See also Scott v. Eastman Chem. Co.*, 275 F. App'x 466, 471 (6th Cir. 2008).

Defendant does not discuss the expected scope of investigation standard. Rather, he suggests the mere fact that Russell did not raise the four specific factual allegations in her administrative charge is dispositive. That assertion ignores the expected scope of investigation principle. To the extent Russell seeks to assert the

additional claim concerning denial of FMLA leave as a form of retaliation or harassment under the Rehabilitation Act, the Court finds that the claim is within the scope of the investigation that would reasonably be expected to develop out of her Rehabilitation Act charge. After all, the claims charged in the administrative proceeding concerned the mistreatment Russell received from Meyer and Van Order as a result of her association with her son, including a claim based on denial of FMLA leave. It would only be natural for the EEOC to inquire about other discriminatory or harassing conduct of that nature in the course of its investigation.

The same is true of Russell's claim that Meyer threatened to terminate her. That allegation would also have been pertinent to her assertion that she suffered disparate treatment and harassment for association with her son. Similarly, the EEOC would reasonably have been expected to investigate any other instances of harassment or adverse employment actions that might relate to Russell's association with her son, including the refusal to allow Russell to work under the Flexi Plan. Stated otherwise, the facts related with respect to the charged claims would have prompted the EEOC to investigate different, uncharged claims. The Court therefore concludes that Russell fulfilled her obligation to exhaust her administrative remedies with respect to the factual claims set forth in paragraphs 19, 31, 35 and 36(d) of her Complaint.

### III. DISPOSITION

Accordingly, the Court **DENIES** Defendant's motion to dismiss the four specific paragraphs of Russell's Complaint. Russell concedes that her ADA and FMLA claims are subject to dismissal. The Court therefore **GRANTS** Defendant's motion to dismiss Russell's FMLA claims to the extent the Court **DISMISSES** those claims **WITHOUT**

**PREJUDICE.** The Court further **DISMISSES** Russell's ADA claims **WITH PREJUDICE.**

The Clerk shall remove ECF No. 10 from the Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**